IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CR-19-1H
No. 7:16-CV-345-H

Kelvin Jerome Newkirk,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #42]. The government has filed a motion to dismiss, [DE #47], to which petitioner responded. [DE #54]. The time for further filing has expired, and this matter is ripe for adjudication.

### BACKGROUND

On July 6, 2015, petitioner pled guilty, pursuant to a written plea agreement, to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1) (Count One). [DE #32 and DE #38]. On October 6, 2015, the court sentenced petitioner to a total term of imprisonment of 180 months. [DE #38]. Petitioner did not appeal.

On October 6, 2016, petitioner timely filed this motion pursuant to 28 U.S.C. § 2255, [DE #42], arguing first that his counsel rendered ineffective assistance by failing to object to his designation as an armed career criminal in light of Johnson v.

United States, 135 S. Ct. 2551 (2015), and second that he no longer has qualifying predicate offenses for a designation as an armed career criminal. [DE #42].[1] Petitioner also argues the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), overruled the Fourth Circuit's decision in United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014). [DE #54].

**COURT'S DISCUSSION**

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 235 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review.

Petitioner's status as an armed career criminal was based upon three violent felonies. Petitioner's PSR included three convictions for North Carolina breaking and entering offenses. [PSR at ¶¶ 18, 20, and 25]. The Fourth Circuit has held the offense of North Carolina Breaking and Entering is a qualifying violent felony under the enumerated offense clause of ACCA. Mungro, 754 F.3d at 272. Petitioner argues the Supreme Court's decision in Mathis overruled Mungro.

---

[1] The court notes the FPD Office filed a motion to withdraw on the basis that no motions would be presented under Johnson v. United States, 235 S. Ct. 2551 (2015), [DE #40], and this motion was granted by this court. [DE #41].

2

The Supreme Court in <u>Mathis</u> held a prior conviction cannot qualify as a predicate offense for an armed career criminal designation if the elements of the offense of that prior conviction sweep more broadly than the elements of the enumerated generic offense. <u>Mathis</u>, 136 S. Ct. at 2251 (citing <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990)). The Supreme Court in <u>Mathis</u> held the elements of burglary, as interpreted by Congress, are "an unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime." <u>Id.</u> at 2248. Finally, the Supreme Court concluded that the elements of Iowa burglary swept more broadly than the generic offense elements, and thus, the prior conviction for Iowa burglary was not a qualifying violent felony under the enumerated offense clause. <u>Id.</u> at 2251.

The Fourth Circuit has held, "N.C. Gen. Stat. § 14-54(a), [North Carolina Breaking and Entering], as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary" and "therefore qualifies as an ACCA predicate offense," under the enumerated offense clause, 18 U.S.C. § 924(e)(2)(B)(ii))." <u>Mungro</u>, 754 F.3d at 272. This holding was reaffirmed by unpublished opinion. <u>United States v. Robinson</u>, 714 F. App'x 275, 276 (4th Cir. Mar. 12, 2018). Petitioner has not demonstrated that the Supreme Court's decision in <u>Mathis</u> overruled <u>Mungro</u>.

3

Furthermore, as the North Carolina breaking and entering offenses qualify under the enumerated offense clause of ACCA, rather than the invalidated residual clause, Johnson does not afford relief to petitioner. With regard to petitioner's argument that counsel rendered ineffective assistance in failing to object to petitioner's designation as an armed career criminal, petitioner has not shown that had counsel objected, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (2003). Therefore, petitioner's motion to vacate, [DE #42], is dismissed.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #47], is GRANTED. Petitioner's motion to vacate, [DE #42], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

4

this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This __8^TH__ day of January 2019.

                                             _____
                                             Malcolm J. Howard
                                             Senior United States District Judge

At Greenville, NC
#35